UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SOKOL CAMAJ, by and through
his guardian PASHKA CAMAJ,

    Plaintiffs,

v.

NATIONAL CONEY ISLAND, INC.,

    Defendant.

Case No:
Hon.
Magistrate Judge

_____/

| | |
|---|---|
| Joseph Dedvukaj (P51335) | Alex L. Alexopoulos (P40547) |
| The Joseph Dedvukaj Firm PC | Starr, Butler, Alexopoulos & Stoner, PLLC |
| Attorneys for Plaintiffs | Attorneys for Defendant |
| 1277 West Square Lake Road | 20700 Civic Center Drive, Ste. 290 |
| Bloomfield Hills, MI 48302 | Southfield, Michigan 48076 |
| (248) 352-2110 | (248) 554-2700 |
| jdlawfirm@aol.com | ala@starrbutler.com |

_____/

## NOTICE OF REMOVAL

## CERTIFICATE OF SERVICE

                            Alex L. Alexopoulos (P40547)
                            Starr, Butler, Alexopoulos & Stoner, PLLC
                            Attorneys for Defendant
                            20700 Civic Center Drive, Ste. 290
                            Southfield, MI 48076
                            (248) 554-2700
                            ala@starrbutler.com

00043404.WPD

## **NOTICE OF REMOVAL**

To:  Judges of the United States District Court
     for the Eastern District of Michigan

Defendant National Coney Island, Inc. ("Defendant"), through its undersigned counsel, files this Notice of Removal of the above-entitled case from the Circuit Court for the County of Macomb to the United States District Court for the Eastern District of Michigan, Southern Division, and in support thereof, states as follows:

1. On February 21, 2017, Plaintiffs Sokol Camaj ("Sokol") and Pashka Camaj ("Pashka") (collectively "Plaintiffs") commenced an action against Defendant, Case No. 17-599-NO, in the Circuit Court for the County of Macomb. A copy of the Summons and Complaint are attached hereto as Exhibit 1 and incorporated herein.

2. Defendant first received notice of this action on February 22, 2017 when the summons and complaint were served on its office located in Roseville, Michigan. This Notice of Removal is being filed within thirty (30) days of the date Defendant first received notice of this action, pursuant to 28 U.S.C. §1446(b).

3. Plaintiffs' Complaint alleges that Plaintiff Sokol is a resident of the County of Macomb, State of Michigan. No residence is identified for Plaintiff Pashka in Plaintiff's Complaint.

4. Defendant is a corporation organized and existing under the laws of the State of Michigan whose principal place of business is located in the State of Michigan.

5. Plaintiffs' Complaint alleges in part that Defendant violated Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §12101, *et seq*. Plaintiff's complaint seeks damages in excess of $25,000.00.

6. Accordingly, this Court has original federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331, and this action may be removed to this Court under 28 U.S.C. § 1441(a)-(b).

7. Copies of all process and pleadings served upon Defendant are attached as Exhibit 1 to this Notice of Removal in accordance with 28 U.S.C. §1446(a).

8. Concurrent with the filing of this Notice of Removal, Defendant is providing notice to all adverse parties and the Clerk of the Circuit Court for the County of Macomb pursuant to 28 U.S.C. §1446(d).

WHEREFORE, Defendant National Coney Island, Inc. gives notice that the above-described action pending in the Circuit Court for the County of Macomb, State of Michigan is being removed therefrom to this Honorable Court.

STARR, BUTLER, ALEXOPOULOS & STONER, PLLC

By: /s/ Alex L. Alexopoulos
Alex L. Alexopoulos (P40547)
Attorneys for Defendant
20700 Civic Center Drive, Ste. 290
Southfield, MI 48076
(248) 554-2700
ala@starrbutler.com

Dated: March 15, 2017

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 15, 2017, I served a copy of Defendant's Notice of Removal in the above-entitled matter by placing the same in a U.S. mail receptacle with postage fully prepaid thereon, upon Joseph Dedvukaj, Esq., 1277 West Square Lake Road, Bloomfield Hills, MI 48302.

By: /s/ Alex L Alexopoulos
Alex L. Alexopoulos (P40547)
Attorneys for Defendant
20700 Civic Center Drive, Ste. 290
Southfield, Michigan 48076
(248) 554-2700
ala@starrbutler.com

Dated: March 15, 2017

# EXHIBIT 1

| Approved, SCAO | | Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|---|
| **STATE OF MICHIGAN**<br>16th | JUDICIAL DISTRICT<br>**JUDICIAL CIRCUIT**<br>COUNTY PROBATE | **SUMMONS AND COMPLAINT** | **CASE NO.**<br>17-599-NO |

**Court address** 40 N. MAIN ST. MT. CLEMENS 48043     **Court telephone no.** 586-469-5351

**Plaintiff's name(s), address(es), and telephone no(s).**

SOKOL CAMAJ, BY AND THROUGH HIS GUARDIAN
PASHKA CAMAJ

v

**Defendant's name(s), address(es), and telephone no(s).**

NATIONAL CONEY ISLAND, INC.
27947 groesbeck hwy
ROSEVILLE MI. 48066
ATTN: THOMAS GIFTOS

**Plaintiff's attorney, bar no., address, and telephone no.**
THE JOSEPH DEDVUKAJ FIRM, P.C.
By: JOSEPH DEDVUKAJ (P51335)
1277 WEST SQUARE LAKE ROAD
BLOOMFIELD HILLS, MI. 48302
248-352-2110

JAMES M. MACERONI

**SUMMONS** | **NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to file a written answer with the court and serve a copy on the other party or take other lawful action with the court (28 days if you were served by mail or you were served outside this state). (MCR 2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued | This summons expires | Court clerk |
|---|---|---|
| FEB 21 2017 | MAY 23 2017 | Karen A. Spranger |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

**COMPLAINT** | *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

**Family Division Cases**

☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.

☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**General Civil Cases**

☒ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**VENUE**

Plaintiff(s) residence (include city, township, or village): Macomb
Defendant(s) residence (include city, township, or village): Macomb
Place where action arose or business conducted: Macomb

Date: 2-20-17

Signature of attorney/plaintiff

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF MACOMB

SOKOL CAMAJ, BY AND THROUGH HIS GUARDIAN PASHKA CAMAJ,

Plaintiff,

17- 599 -NO

Vs.

Hon:

NATIONAL CONEY ISLAND, INC.,

JAMES M. MACERONI

Defendant

/

JOSEPH DEDVUKAJ (P51335)
Attorney for Plaintiff
1277 West Square Lake Road
Bloomfield Hills, Michigan 48302
(248) 352-2110
Email: jdlawfirm@aol.com

There is no know civil action arising out of the same occurrence.

## COMPLAINT

Now Comes the Plaintiff, Sokol Camaj, by and through his guardian Pashka Camaj, by and through their attorneys The Joseph Dedvukaj Firm, P.C., by Joseph Dedvukaj and for their complaint against the defendant, states:

1. Plaintiff is a resident of the County of Macomb, State of Michigan.
2. Defendant, National Coney Island, Inc, is a Michigan Domestic Profit Corporation, doing business in the County of Macomb, State of Michigan.
3. The amount in controversy is over $25,000 and otherwise is within the jurisdiction of this court.
4. On various dates in July, 2015, and August, 2015, Plaintiff Sokol Camaj was an adult with primarily Down Syndrome and other developmental disabilities, and he was a patron of Defendant's restaurant located at 50784 Schoenherr Road, Utica, Michigan 48315.

1

5. Plaintiff Sokol Camaj was attempting to enjoy his breakfast when an employee of the restaurant expelled him from the restaurant because of his Down Syndrome Disability.

6. Plaintiff was hurt and humiliate on account of disability in public.

7. This lawsuit is about the right of the developmentally disabled to be free from discrimination in places of public accommodation, and the corresponding right of their caretakers to be free from discrimination and harassment in such places by virtue of association with them.

8. More specifically Plaintiff Sokol Camaj – a developmentally disabled individual, and Pashka Camaj – his guardian, bring this action against Defendant to enforce the provisions of Title III of the Americans with Disabilities Act of 1990 ("Title III" and the "ADA"), 42 U.S.C. § 12101 et seq., and its implementing regulations, 28 C.F.R. Part 36.

9. Congress enacted the ADA "to address the major areas of discrimination faced day-to-day by people with disabilities" and "to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals." 42 U.S.C. § 1210(a).

10. Title III of the ADA sends a bluntly worded message to entities like Defendant National Coney Island Inc., who operate places of public accommodation: you may not discriminate against an individual in the full and equal access to goods and services on the basis of a disability.

11. Plaintiff Sokol Camaj is a developmentally disabled individual. During the relevant time period he was and remains developmentally disabled.

2

12. Plaintiff Pashka Camaj in an effort to achieve his full potential so that he may live a full, happy, and productive life, takes the Plaintiff Sokol Camaj to public places, including restaurants, to promote his independence and to build confidence.

13. On various dates in July, 2015, and August, 2015, Plaintiff Pashka Camaj took Mr. Sokol Camaj to the National Coney Island to eat.

14. Eating at National Coney Island was very exciting for Mr. Sokol Camaj. The ability to make decisions about independent purchases and choices bolstered their self-esteem and created a real sense of accomplishment. Interacting with fellow patrons and restaurant employees are an important aspect of establishing a place in society.

15. As Plaintiff Sokol Camaj was eating breakfast restaurant employees picked on him, embarrassed, ridiculed and humiliated him until he was finally expelled from the restaurant by restaurant manager by the name of "Bill."

16. Plaintiff Sokol Camaj was expelled five (5) times from the restaurant.

17. It was obvious that Plaintiff Sokol Camaj was an individual with disabilities because he had Down Syndrome, a disability which causes particular facial and other characteristics that are readily recognizable.

18. Plaintiff Pashka Camaj was confused, humiliated and outraged by the restaurant employees behavior and remarks. After Bill repeated that Plaintiff Sokol Camaj had to leave the restaurant, Ms. Camaj asked to speak to a manager of the restaurant. Bill replied, "I am the manager."

19. Defendant employees were apparently concerned that having a disabled individual in the restaurant was unacceptable. Notably, there were a number of other customers in the restaurant at the time, but Bill was not concerned by their presence.

20. Plaintiff Pashka Camaj and Sokol Camaj then left the restaurant at the insistence and ridicule of the restaurant employees. Sokol was very confused and upset by the incident and he was crying after he left the store.

21. Plaintiff Pashka Camaj and Sokol Camaj were banned from going into a National Coney Island restaurant ever again.

22. The Plaintiffs were devastated. Mrs. Camaj took Sokol out to restaurant almost every week as a way to build confidence and independence, and Sokol looked forward to the opportunity to eat out and make choices from the menu for himself. When Sokol returned home he continued to ask why they had not been allowed to eat and what he did wrong. Mrs. Camaj tried to comfort Sokol, explaining that they had not done anything wrong, but her efforts were unsuccessful.

23. Mrs. Camaj complained to the management about the discrimination and never received any response.

24. Neither Pashka Camaj nor Sokol Camaj has returned to a National Coney Island restaurant since they were expelled and humiliated.

25. Based upon the Defendant's collective management and operation, and the callous refusal by Defendant's corporate office to address Plaintiffs complaint, Plaintiffs believe that the discrimination they endured at National Coney Island is a practice. They fear that if they attempt to enter any of the Defendant's restaurants, and particularly the National Coney Island located at 50784 Schoenherr Road, Utica, Michigan 48315, they would again be refused service, expelled and humiliated because of Sokol Camaj's disabilities or their association with disabled individuals.

## CLAIMS FOR FELIEF

## FIRST CLAIM FOR RELIEF

## VIOLATION OF TITLE III OF THE ADA

26. The allegations of paragraphs 1 through 25 of the Complaint are hereby re-alleged and incorporated by reference as if fully stated herein.

27. Plaintiff Sokol Camaj is a disabled individual, as defined in the ADA at 42 U.S.C. § 12102(2) and 28 C.F.R. § 36.104.

28. Defendant National Coney Island, Inc., owns, leases, or operates a place of public accommodation, as defined by the ADA.

29. Defendant discriminated against the Plaintiff Sokol Camaj on the basis of disability in the full and equal enjoyment of their services, facilities, privileges, advantages, and accommodations, in violation of 42 U.S.C. § 12182, and its implementing regulations at 28 C.F.R. part 36.

30. Defendant's violation of Title III, include but are not necessarily limited to:

    a. Denying, on the basis of disability, the opportunity of an individual or class of individuals to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of Defendant, in violation of 42 U.S.C. § 12182(b)(1)(A)(i), and its implementing regulation, 28 U.S.C. § 36.202(a).

    b. Failing to afford an individual or class of individuals, on the basis of disability, with the opportunity to participate in or benefit from the services, facilities, privileges, advantages, or accommodations of Defendant that is equal to that afforded to other individuals, in violation of 42 U.S.C. § 12182(b)(1)(A)(ii), and its implementing regulation, 28 U.S.C. § 36.202(b); and

5

  c. Providing an individual or class of individuals, on the basis of disability, with a good, service, facility, privilege, advantage, or accommodation at Defendant's restaurant that is different or separate from that afforded to others, in violation of 42 U.S.C. § 12182(b)(1)(A)(iii), and its implementing regulation, 28. U.S.C. § 36.202 (c).

31. Defendant discriminatory conduct is capable of repetition, and Plaintiff Sokol Camaj requests appropriate declaratory and injunctive relief enjoining Defendant from further violation of the ADA.

## SECOND CLAIM FOR RELIEF

## ASSOCIATION DISCRIMINATION IN VIOLATION OF ADA

## BY MRS. PASHKA CAMAJ AGAINST DEFENDANT

32. The allegations of paragraph 1 through 31 of the Complaint are hereby re-alleged and incorporated by reference as if fully stated herein.

33. Plaintiff Pashka Camaj is an individual whom Defendant knew had a relationship or association with disabled Plaintiff Sokol Camaj.

34. Defendant owned, leased, or operated a place of public accommodation, as defined by the ADA.

35. Defendant discriminated against Plaintiff Pashka Camaj by excluding or otherwise denying her equal goods, services, facilities, privileges, advantages, accommodations, or other opportunities because her relationship with individuals with known disabilities, in violation of 42 U.S.C. § 12182(b)(1)(E) and its implementing regulation, 28 C.F.R. § 36.205.

36. Defendant discriminatory conduct is capable of repetition, and Plaintiff Pashka Camaj requests appropriate declaratory and injunctive relief enjoining Defendant from further violation of the ADA.

6

## THIRD CLAIM FOR RELIEF

## OUTRAGEOUS CONDUCT

37. The allegations of paragraph 1 through 36 of the Complaint are hereby re-alleged and incorporated by reference as if fully stated herein.

38. Defendant's conduct in denying Plaintiffs access to the National Coney Island restaurant and publicly humiliating them constitutes extreme and outrageous conduct. A reasonable member of the community would regard Defendant's conduct as going beyond all possible bounds of decency and as utterly intolerable in a civilized community.

39. Defendant refused Plaintiffs access to the National Coney Island restaurant with reckless disregard for Plaintiffs rights and/or with the intent to causing the Plaintiffs severe emotional distress, as it was evident that these individuals would be distressed by being refused access to the restaurant, and Defendant continued to refuse them to the restaurant even after the Plaintiff expressed shock and began to cry.

40. Defendant is vicariously liable for the conduct of employees/agents/representatives pursuant to the doctrines of respondeat superior and/or agency. These individuals were actually and apparently authorized to treat customers and to handle customer complaints and were acting within the scope of their employment when they discriminated against Plaintiffs by refusing them access to the restaurant and by refusing to accommodate them.

41. Plaintiffs have been damaged by Defendant's conduct. The emotional distress experienced by Mr. Sokol Camaj has led to regression in his daily living skills, confidence levels, and feelings of self-worth.

42. Mrs. Pashka Camaj also has been damaged by Defendant's conduct. She is devasted by her son's mistreatment by Defendant. She had struggled with her feelings of worth as a mother

7

to her disabled child and continues to struggle with encouraging her son to interact in social settings like eating at restaurants, particularly at the National Coney Island.

Wherefore, Plaintiffs pray that this Court:

a. Grant judgment in favor of the Plaintiffs and declare that the Defendant violated Title III of the ADA, 42 U.S.C. § 12181 et seq., and its implementing regulations, 28 U.S.C. Part 36;

b. Enjoin the Defendant, their officers, agents, employees, and all other person in active concert and participation with the Defendant, from engaging in discriminatory policies and practices against individuals on the basis of their disabilities, and on the basis of relationships or associations with individuals with disabilities, and specifically from failing or refusing to take appropriate steps to ensure compliance with the requirements of Title III of the ADA, 42 U.S.C. § 12101 et seq., and 28 C.F.R. § 36.501(a);

c. Economic damages, including but not limited to medical expenses and other pecuniary losses;

d. Special damages, including but not limited to compensation for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses;

e. Pre-judgment and post-judgment interest at the highest lawful rate;

f. Attorneys' fees and costs pursuant to 42 U.S.C. § 12205 and 28 C.F.R. § 36.505; and

g. Any such further relief as justice allows.

8

Respectfully submitted,

THE JOSEPH DEDVUKAJ FIRM, P.C.

By:**/s/ Joseph Dedvukaj**
    Joseph Dedvukaj (P51335)
    Attorney for Plaintiff
    1277 West Square Lake Road
    Bloomfield Hills, Michigan 48302

Dated: February 16, 2017.    (248) 352-2110

9